UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                       **DECISION AND ORDER**
                                            19-CV-1707S

CAROLE M. McHENRY, et al.,

                Defendants.

This is a mortgage foreclosure action. Before this Court is Plaintiff's motion for service by publication. (Docket No. 17) Plaintiff has submitted affidavits of attempted service on Defendants. (Docket No. 17 at pp. 60, 82, 104.) For the following reasons, this Court grants Plaintiff's motion.

Rule 4(e) of the Federal Rules of Civil Procedure provides that service upon an individual located in the United States may be effected pursuant to the law of the forum state or the state in which service is effected. Fed. R. Civ. P. § 4(e).

In New York State, service may be effected

> in such manner as the court, upon motion without notice directs, if service is impracticable under paragraphs one [personal service], two [leave and mail service] and four [nail and mail service] of this section.

New York State Civil Practice Law and Rules § 308(5). Section 308(5) requires a showing of impracticability of other means of service, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute. S.E.C. v. HGI, Inc., No. 99 CIV. 3866 (DLC), 1999 WL 1021087, at *1–2 (S.D.N.Y. Nov. 8, 1999) (citing Franklin v. Winard, 592 N.Y.S.2d 726, 727 (1st Dep't 1993)). The meaning of

"impracticability" depends upon the facts and circumstances of the particular case. Id. (citing Markoff v. South Nassau Community Hospital, 458 N.Y.S.2d 672, 673 (2d Dep't 1983) and Hitchcock v. Pyramid Centers of Empire State Co., 542 N.Y.S.2d 813, 814 (3d Dep't 1989)).

Here, Plaintiff submits the affidavit of Ashley Bernard, who states that she attempted service on Defendant McHenry at the address of 9005 Spring Street, Cuba New York, and found that the property was vacant. (Docket No. 17 at p. 60.) A search of multiple databases revealed no current registrations, and telephone calls to all listed numbers were fruitless. (Id.) The affidavits of Richard Jamison demonstrate that similar efforts to locate Defendants Lent and Cuba Community Development were unsuccessful. (Docket No. 17 at p. 82.). Plaintiff has shown that it is impracticable to serve McHenry, Lent, and Cuba Community Development by the other methods of service set forth in Section 308. This Court may therefore direct an alternative method of service.

Plaintiff seeks to effect service on McHenry, Lent, and Cuba Community Development by publishing the summons in the Wellsville Daily Reporter, a/k/a the Spectator, and the Cuba Patriot once a week for four consecutive weeks. Any form of service must comport with due process by being "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." SEC v. Tome, 833 F.2d 1086, 1093 (2d Cir. 1987) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

"Service by publication may be permissible when service is otherwise impossible and when it is reasonable to conclude that the defendant is likely to read the newspaper in which the notice is published, particularly when the defendant is otherwise on notice

that there may be a case pending against him." SEC v. HGI, Inc., 1999 WL 1021087, at *1.  Because the property is located in Cuba, New York, this Court finds it reasonable to conclude that Defendants are likely to read the newspapers described.

Because this Court finds that service by the other means described in CPLR § 308 is impracticable, if not impossible, and because it finds it reasonable to conclude that Defendants are likely to read the newspapers described, this Court will direct Plaintiffs to effect service by publication upon Defendants Carole McHenry, Robert Lent, and Cuba Community Development.

IT HEREBY IS ORDERED, that Plaintiff's motion for service by publication is GRANTED, and it is further

ORDERED, that service of the Summons and Complaint in the above-entitled action upon the Defendants, Carole M. McHenry, Robert J. Lent and Cuba Community Development, together with a notice and brief statement of the object of the action and a brief description of the property, be published in two (2) newspapers, at least one of which shall be in the English language, to wit: Wellsville Daily Reporter a//k/a the Spectator and the Cuba Patriot, published and distributed in the county of Allegany and State of New York, most likely to give notice to the Defendants, Carole M. McHenry, Robert J. Lent, and Cuba Community Development once a week for four (4) consecutive weeks, the first such publication to be made within thirty (30) days after the date of this Order, and it is further

ORDERED, that this Order and the papers upon which the same are based be filed with the Clerk of this Court on or before the first day of publication, and that the first

publication be within thirty (30) days from the date of this Order; and it is further

ORDERED, that the time to serve all Defendants pursuant to Federal Rule 4 and CPLR 306-b is extended 120 days from the date this Order is entered;

SO ORDERED.

Dated:   November 24, 2020
         Buffalo, New York

_William M. Skretny_
WILLIAM M. SKRETNY
United States District Judge
